# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5245 | **DATE** | 8/19/2011 |
| **CASE TITLE** | Shaun Ramirez (#R-10920) v. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Lawrence Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The plaintiff's motion for appointment of counsel [#4] is denied as moot.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated his rights by issuing a false report of his whereabouts while he was on parole, resulting in his re-incarceration for a parole violation. The plaintiff argues that the defendants' actions amounted to a violation of his due process rights. The plaintiff also alleges he was found guilty of the charge of escape brought against him.

The Court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the Court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $2.89, pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be

**(CONTINUED)**

AWL

granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

The plaintiff's claim for damages is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The plaintiff may not contest the validity of his conviction by way of a civil rights action, and a finding that the defendants violated his rights regarding the parole violation report or at trial could render his conviction invalid.

To the extent that the plaintiff seeks to attack his conviction or sentence, he should consider filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."